# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MUMEEN STARKS,

    Petitioner,

v.

BRUCE DAVIS, et al.,

    Respondents.

Civil Action No. 18-16525 (SDW)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On or about November 27, 2018, Petitioner, Mumeen Starks, filed a habeas corpus petition in this matter. (ECF No. 1). In his habeas petition, Petitioner raises numerous grounds for relief, including one in which he asserts that he should be entitled to relief due to the ineffective assistance of his appellate counsel. (*Id.* at 6-7). In raising that ground, Petitioner noted that he had raised the same claim during his PCR petition before the PCR trial court, but checked a box indicating that he did not raise this issue during his PCR appeal. (*Id.* at 6).

2. Following an order to answer, Respondents filed a response to Petitioner's habeas petition. (ECF No. 9). In addition to various other arguments, Respondents assert in their response that Petitioner's ineffective assistance of appellate counsel claim is unexhausted, and that Petitioner's habeas petition is therefore a mixed petition which must be dismissed without prejudice for failure to exhaust all of his claims prior to filing his habeas petition. (*Id.* at 57-60).

3. Petitioner thereafter filed a traverse in this matter. (ECF No. 12). In his traverse, Petitioner admits that he only raised his ineffective assistance claim in the PCR trial court and did not raise the claim on appeal, but asserts that he should be able to proceed on this claim in any event because he believes it would be "fundamentally unfair to not allow this claim to be heard"

1

as he partially exhausted this claim and has raised a related ineffective assistance of trial counsel claim in his petition. (ECF No. 12 at 10-11).

4. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

5. It is clear in this matter that Petitioner's ineffective assistance of appellate counsel was not raised in the Appellate Division (*see* Document 20 attached to ECF No. 9 at 19-20), nor in the New Jersey Supreme Court, and Petitioner's own statements in his habeas petition and traverse confirm this fact. As such, and as Petitioner clearly had state court remedies available in the form of the appeals that he did take as to others of his claims, Petitioner's ineffective assistance of appellate counsel claim is unexhausted. *Barnes*, 2015 WL 1035428 at *1; *Tinsley*, 2011 WL 5869605 at *3. As such, Petitioner's current petition is in effect a mixed petition presenting both exhausted and unexhausted claims.

6. When faced with a mixed petition, a District Court's options are limited – the court may either dismiss the entire petition without prejudice, stay the petition so that the petitioner can return to the state courts, allow the petitioner to delete his unexhausted claims, or deny the petition if the court can clearly determine that all of the petitioner's claims are without merit. *See Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). Here, Petitioner insists that he be permitted to proceed on his claim and has not expressed a desire to withdraw his unexhausted claim.[1] Likewise, because the record as to Petitioner's ineffective assistance of appellate counsel is limited, and it is unclear how the Appellate Division would have ruled upon his underlying claim had it been presented on direct appeal, this Court is unprepared to deny the claim on the merits in its current undeveloped state at this time. This Court is therefore left with two options – dismiss the habeas petition without prejudice or stay the petition and permit Petitioner to return to state court to exhaust his claims. *Id.*

7. A district court may only grant a stay of an unexhausted or mixed petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one-year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004). Although the Court recognizes that Petitioner may face statute

---

[1] Although Petitioner does note that he was not previously provided an express opportunity to withdraw his unexhausted claims (ECF No. 12 at 42), Petitioner does not request that he be permitted to do so now. Instead, he requests that this Court decide those claims on the merits and ultimately grant him a writ of habeas corpus and relief from his conviction. (*Id.*). Petitioner was thus clearly aware that he *could* withdraw his claims if he so chose, and did not do so.

3

of limitations issues should his petition be dismissed at this time, Petitioner has utterly failed to seek a stay, and has in any event failed to show that there was good cause for his failure to exhaust his ineffective assistance of appellate counsel claim. Indeed, the record suggests that Petitioner chose to abandon the claim during his PCR appeal and could easily have raised his claim on appeal during PCR proceedings if he had so chosen. Petitioner thus has not met the requirements for a stay, and this Court will therefore dismiss his petition without prejudice as an unexhausted mixed petition.

8. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

9. In conclusion, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of exhaustion, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: December 4, 2019

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge